## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

WILLIE WRIGHT,

       Petitioner,

v.                               Case No. 14-13422

THOMAS WINN,

       Respondent.

_____/

### OPINION AND ORDER  GRANTING PETITIONER'S MOTION TO STAY

Petitioner Willie Wright, an inmate at the Sagniaw Correctional Facility, filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his Wayne Circuit Court convictions for kidnapping, MICH. COMP. LAWS § 750.349), three counts of first-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520b(1)(f), two counts of assault with intent to murder, MICH. COMP. LAWS § 750.83, and possession of a firearm during a felony. MICH. COMP. LAWS (§ 750.227b). The petition raises four claims: 1) the trial court erroneously denied Petitioner's request for substitute counsel; 2) Petitioner was not present in the courtroom during supplemental jury instructions; 3) Petitioner was denied the effective assistance of counsel; and 4) there was insufficient evidence presented at trial to sustain Petitioner's convictions.

Petitioner has filed a motion to hold the case in abeyance so he can return to the state courts to exhaust an additional claim alleging that a fraud was committed on the state court. Respondent did not file a response to the motion.

For the reasons that follow, the court will grant Petitioner's motion to hold the case in abeyance while he returns to state court to present his unexhausted claim.

## I. BACKGROUND

Following his conviction and sentence, Petitioner filed a claim of appeal in the Michigan Court of Appeals, raising what now form his first two habeas claims. Petitioner also attempted to file a pro se supplemental brief, raising additional claims, but it was rejected. The Michigan Court of Appeals affirmed in an unpublished opinion. *People v. Wright*, No. 302146, 2012 WL 1314147 (Mich. Ct. App. Apr. 17, 2012). Petitioner filed an application for leave to appeal in the Michigan Supreme Court which raised the same claims as in the Michigan Court of Appeals along with what now form his third and fourth habeas claims. The Michigan Supreme Court denied the application because it was not persuaded that the questions presented should be reviewed by that court. *People v. Wright*, 821 N.W.2d 667 (Mich. 2012) (table).

On September 24, 2013, Petitioner returned to the trial court and filed a motion for relief from judgment. The motion claimed that Petitioner's appellate counsel was ineffective for failing to raise the claims that Petitioner attempted to raise in his pro se supplemental brief in the Michigan Court of Appeals. On December 9, 2013, the trial court denied the motion for relief from judgment. Petitioner did not appeal this decision to the Michigan Court of Appeals or the Michigan Supreme Court.

Petitioner filed the instant petition on September 4, 2014.

## II. DISCUSSION

A federal district court has authority to abate or dismiss a federal habeas action pending resolution of state post-conviction proceedings. *See Brewer v. Johnson*, 139 F. 3d 491, 493 (5th Cir. 1998). This is so even with respect to fully exhausted federal habeas petitions. *See Bowling v. Haeberline*, 246 F. App'x 303, 306 (6th Cir. 2007) (a

2

habeas court is entitled to delay a decision in a habeas petition that contains only exhausted claims "when considerations of comity and judicial economy would be served") (quoting *Nowaczyk v. Warden, New Hampshire State Prison*, 299 F. 3d 69, 83 (1st Cir, 2002)).

In many instances though, the outright dismissal of a habeas petition to allow a petitioner to exhaust state remedies might result in a time-bar when the petitioner returns to federal court due to the one-year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). 28 U.S.C. § 2244(d)(1); *see also Hargrove v. Brigano*, 300 F.3d 717, 720-21 (6th Cir. 2002).

In this case, AEDPA's one-year statute of limitations poses an obvious concern. The apparent starting point for the period is the completion of direct review under §2244(d)(1)(A). This would mean that the limitations period started running ninety days after the Michigan Supreme Court denied relief on direct review, or on January 22, 2013. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). The limitations period then ran for approximately eight months until Petitioner filed his motion for relief from judgment on September 24, 2013, at which point it began to toll under §2244(d)(2). The period of limitations then started running again on or about June 9, 2014, after completion of collateral review, and continued until this action was filed on September 4, 2014.  Adding these two stretches of time together, almost a full year ran before Petitioner filed his petition.

The Supreme Court has addressed the procedure by which a district court may stay a petition that seeks to raise only exhausted claims. *See Rhines v. Weber*, 544 U.S. 269, (2005) ("[S]tay and abeyance is only appropriate when the district court

determines there was good cause for the petitioner's failure to exhaust his claims . . .
even if a petitioner had good cause for that failure, the district court would abuse its
discretion if it were to grant him a stay when his claims are plainly meritless . . . . [and] if
a petitioner engages in abusive litigation tactics or intentional delay, the district court
should not grant him a stay at all.").

Where, as here, a habeas petition contains only exhausted claims, and the
petitioner seeks to stay the petition so that he can return to state court on an
unexhausted claim not yet part of the petition, the discretion to stay the petition is
informed both by the potential for parallel federal habeas and state post-conviction
proceedings and *Rhines*. Chief among these considerations is the apparent merit of the
unexhausted and exhausted claims, and, relatedly, whether this court would benefit
from a state-court ruling on the unexhausted claim. But *Rhines*' 'good cause'
requirement is not irrelevant: the court is less likely to find parallel-litigation unfairly
prejudicial to a habeas petitioner if the petitioner lacks a good reason for having created
that potential in the first place. *Thomas v. Stoddard*, No. 14-CV-13232,     F. Supp. 3d.
, 2015 U.S. Dist. LEXIS 26893, 2015 WL 927076, at *4 (E.D. Mich. Mar. 5, 2015).

Turning first to the potential for parallel federal habeas and state post-conviction
proceedings, "[c]onsiderations of judicial economy support [a] district court's decision to
withhold decision on [habeas] claims that could have been mooted by the pending state
proceedings." *Nowaczyk*, 299 F.3d at 78. Of course, "if the exhausted claims appear to
be very clear bases for habeas relief, proceeding to adjudicate those claims" could save
state resources. *Thomas*, 2015 U.S. Dist. LEXIS 26893, 2015 WL 927076 at *5. The
court cannot say that Petitioner's new claim is "plainly meritless" because he has not

4

given any details, nor has Respondent contested his request for a stay. Petitioner simply states that he has an additional claim asserting that a fraud was committed on the state trial court. He also asserts that he was unable to exhaust his claims on direct appeal in the Michigan Court of Appeals because his appellate counsel refused to include the issues in the appellate brief.

The court does not anticipate any prejudice to the Respondent in staying the case.  After all, Respondent did not even file a Motion to Stay. But Petitioner could be prejudiced by the burden of litigating cases simultaneously in federal and state court.

Given the foregoing, the court will stay this case and hold Petitioner's petition in abeyance. Where, as here, a district court determines that a stay is appropriate pending exhaustion, the Supreme Court directs that the court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. Thus, Petitioner must initiate his state post-conviction remedies within ninety days of entry of this court's order and return to federal court within ninety days of completing the exhaustion of state court post-conviction remedies. *Hargrove*, 300 F. 3d at 721; *see also Geeter v. Bouchard*, 293 F. Supp. 2d 773, 775 (E.D. Mich. 2003).

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Petitioner's motion to stay court proceedings is GRANTED, the proceedings are STAYED and the court will hold the habeas petition in abeyance.

IT IS FURTHER ORDERED that, as a condition of this stay, Petitioner must file a motion for relief from judgment in state court within **ninety (90) days** of entry of this order. He shall notify this court in writing that such motion papers have been filed in

5

state court. If he fails to file a motion or notify the court that he has done so, the court will lift the stay and will reinstate the original petition for writ of habeas corpus to the court's active docket and will proceed to adjudicate only those claims that were raised in the original petition. After Petitioner fully exhausts his new claim, he shall file an amended petition that includes the new claim within **ninety (90) days** after the conclusion of his state court post-conviction proceedings, along with a motion to lift the stay. Failure to do so will result in the court lifting the stay and adjudicating the merits of the claims raised in Petitioner's original habeas petition.

IT IS FURTHER ORDERED that the Clerk of Court shall CLOSE this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter.

IT IS FURTHER ORDERED that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the court will order the Clerk to reopen this case for statistical purposes.

 s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  September 17, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 17, 2015, by electronic and/or ordinary mail.

 s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JAH\Habeus\14-13422.WRIGHT.stay and abey .jah.wpd